FILED
CLERK, U.S. DISTRICT COURT

4/15/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| LEAH SNYDER,<br><br>    Plaintiff,<br><br>v.<br><br>ALIGHT SOLUTIONS, LLC, and DOES 1 TO 10,<br><br>    Defendant. | Case No.: SACV 21-00187-CJC (KESx)<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND VACATING HEARING ON MOTION TO DISMISS** |

    In this case, Plaintiff Leah Snyder alleges that Defendant Alight Solutions, LLC wrongfully terminated her after she posted on Facebook photos of herself at the Washington, D.C. Capitol building on January 6, 2021. (Dkt. 1 [Complaint, hereinafter "Compl."].) Plaintiff alleges that the Court has diversity jurisdiction over her case. (*Id.* ¶ 2.) Federal courts have diversity jurisdiction over cases between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "Section 1332 has been interpreted to require 'complete diversity.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999); *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence ... of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction."). As the party

asserting jurisdiction, Plaintiff bears the burden of proving federal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

The Complaint does not contain sufficient information for the Court to determine whether it has diversity jurisdiction over Plaintiff's case. Plaintiff alleges that the Court has diversity jurisdiction because she is a California citizen and Defendant is an Illinois LLC. (Compl. ¶¶ 2, 5, 6; *see* Case Caption.) However, Plaintiff does not allege the citizenship of Defendant's members, as required. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). Rather, she states only that Defendant is an Illinois LLC and that its principal place of business is in Illinois. (Compl. ¶ 6.)

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing by April 23, 2021 why this case should not be dismissed for lack of jurisdiction. Defendant may, but is not required to, file a statement by the same date. The hearing on Defendant's motion to dismiss set for April 26, 2020, at 1:30 p.m. is **VACATED** and off calendar. The Court will reschedule the hearing on the motion to dismiss if the Court determines it has jurisdiction over this case.

DATED: April 15, 2021

_____
HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE