FILED
CLERK, U.S. DISTRICT COURT

5/5/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| LEAH SNYDER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALIGHT SOLUTIONS, LLC, and DOES 1 TO 10,<br><br>　　　　　Defendant. | Case No.: SACV 21-00187-CJC (KESx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [Dkt. 10]** |

## I. INTRODUCTION

In this case, Plaintiff Leah Snyder alleges that Defendant Alight Solutions, LLC wrongfully terminated her after she posted photos of herself at the Washington, D.C. Capitol building on January 6, 2021. (Dkt. 1 [Complaint, hereinafter "Compl."].) Before

the Court is Defendant's motion to dismiss. (Dkt. 13 [hereinafter "Mot."].) For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.[1]

## II. BACKGROUND

Plaintiff is a computer programmer and coder who worked for Defendant for over 20 years. (Compl. ¶ 9.) On January 6, 2021, she visited Washington, D.C. to attend former President Donald Trump's "Save America Rally." (*Id.*) After returning home, Plaintiff posted two selfies taken at the Capitol to comments on Sean Armstrong's Facebook page. (*Id.* ¶ 10.) Along with the selfies, she commented that it was "a peaceful and fun day!" with "MILLIONS of people there." Armstrong then posted the photos and the comment thread on Defendant's Facebook page with the caption, "Alight employee storming the capital." (*Id.*) "Deeply troubled by [Plaintiff's] apparent alliance with the rioters at the January 6 insurrection, and after an investigation verifying the photos, [Defendant] terminated her employment" 2 days later. (Mot. at 1; Compl. ¶ 12.) Plaintiff alleges that Defendant's reason for terminating her—participation in a riot—was pretextual, and that her employment was really terminated because of a political motive. (Compl. ¶¶ 12, 29.)

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims. The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*,

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 17, 2020, at 1:30 p.m. is hereby vacated and off calendar.

-2-

108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain well-pleaded factual allegations, not legal conclusions, that "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## IV. DISCUSSION

Defendant moves to dismiss Plaintiff's claims for (1) violation of the Bane Act, (2) wrongful termination in violation of public policy, and (3) breach of the covenant of good faith and fair dealing.

### A. Bane Act

The Bane Act, enacted in 1987 to address hate crimes, "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by 'threats, intimidation, or coercion.'" *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014) (quoting Cal. Civ. Code § 52.1). The focus of the Bane Act is on *violence*. "[T]o state a cause of action under section 52.1 there must first be violence or intimidation by threat of violence." *Cabesuela v. Browning-Ferris Indus. of California, Inc.*, 68 Cal. App. 4th 101, 111 (1998); *see Gottschalk v. City & Cty. of San Francisco*, 964 F. Supp. 2d 1147, 1163 (N.D. Cal. 2013) ("In order to state a claim under these

sections, however, a plaintiff must allege that the defendant engaged in violence or threat of violence."). "Speech alone is not sufficient to support" a Bane Act claim unless "the speech itself threatens violence against a specific person or group of persons[,] and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat." Cal. Civ. Code § 52.1(k).

Plaintiff has not alleged that Defendant committed any violence or intimidation by threat of violence. *See Clifford v. Regents of Univ. of California*, 2012 WL 1565702, at *10 (E.D. Cal. Apr. 30, 2012), *aff'd,* 584 F. App'x 431 (9th Cir. 2014) (dismissing a Bane Act claim with prejudice for this reason). Instead, she alleges that Defendant interfered with her constitutional right to assemble and express her political beliefs by threats, intimidation, or coercion, by "caus[ing] Plaintiff to reasonably believe that if she exercised her constitutional rights to speak freely, peaceably assemble or petition her grievances to the Government, Defendants would terminate her employment and report her to law enforcement for engaging in unlawful activity." (Compl. ¶ 14.) But terminating Plaintiff's employment was not violence. The facts alleged here simply do not fit into a Bane Act claim. *See Gottschalk*, 964 F. Supp. 2d at 1163 (N.D. Cal. 2013) (explaining that the plaintiff's claim under the Bane Act was "clearly inapplicable to the factual scenario she alleges," which lacked any threat of violence). Because Plaintiff has not and cannot sufficiently allege a Bane Act claim based on these facts, her Bane Act claim is **DISMISSED WITH PREJUDICE**.

### B. Wrongful Termination in Violation of Public Policy

In general, an at-will employee may be terminated for an arbitrary reason, for an irrational reason, or for no reason at all. *Yau v. Santa Margarita Ford, Inc.*, 229 Cal.

-4-

App. 4th 144, 155 (2014).  However, an employer may not terminate an at-will employee for an unlawful reason, or for a purpose that contravenes fundamental public policy.  *Id.*  "When an employee is discharged in violation of 'fundamental principles of public policy,' the employee may maintain a tort action and recover damages traditionally available in such actions."  *Grinzi v. San Diego Hospice Corp.*, 120 Cal. App. 4th 72, 79 (2004) (quotations omitted).  California courts recognize four categories of public policy cases: "the employee (1) refused to violate a statute; (2) performed a statutory obligation; (3) exercised a constitutional or statutory right or privilege; or (4) reported a statutory violation for the public's benefit."  *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 76 (1998).

Plaintiff alleges that she was wrongfully terminated for exercising "constitutional rights to speak freely, peaceably assemble or petition her grievances to the Government." (Compl. ¶ 24.)  She alleges that her termination was in violation of the public policy described California Labor Code §§ 1101 and 1102.[2]  "Sections 1101 and 1102 . . . prohibit employers from interfering with 'the fundamental right of employees in general to engage in political activity.'"  *Couch v. Morgan Stanley & Co. Inc.*, 656 F. App'x 841, 842 (9th Cir. 2016).[3]  "[L]iability under §§ 1101(a) and 1102 is triggered only if an employer fires an employee based on a political motive."  *Id.* at 843.

---

[2] Plaintiff also alleges that her termination was in violation of the public policy described in Labor Code § 98.6.  However, California courts have explained that § 98.6—which states that employers may not discharge employees or discriminate against them for, among other activity, lawful conduct occurring during nonworking hours away from the employer's premises—does not create a "public policy" on which to base a wrongful discharge in violation of public policy claim.  *Grinzi v. San Diego Hospice Corp.*, 120 Cal. App. 4th 72, 88 (2004).

[3] Section 1101 states: "No employer shall make, adopt, or enforce any rule, regulation, or policy . . . forbidding or preventing employees from engaging or participating in politics, or . . . controlling or directing, or tending to control or direct the political activities or affiliations of employees."  Section 1102 states: "No employer shall coerce or influence or attempt to coerce or influence his employees through or by means of threat of discharge or loss of employment to adopt or follow or refrain from adopting or following any particular course or line of political action or political activity."

      Here, Plaintiff has sufficiently pled that her termination was politically motivated. She alleges that Defendant stated that it fired her because she purportedly participated in a riot, but that that reasoning was "pretextual." (Compl. ¶ 29.) She alleges that her visit to the Capitol was "peaceful," in order to "present[ ] displeasure with vote counting procedures during the recent national election." (*Id.* ¶ 9.) She alleges that "[s]he did not see nor participate in any rioting," "enter the Capitol," or "observe or hear of any injuries to persons or damages to property," and that police officers told her "that what she was doing was legal." (*Id.*) The true reason for Plaintiff's firing cannot be resolved at the pleading stage. Her allegations are sufficient to survive a motion to dismiss.

### C. Breach of Covenant of Good Faith and Fair Dealing

      Similarly, Plaintiff alleges that "Defendants violated the duty implied in their employment contract to act fairly and in good faith . . . by terminating Plaintiff based on pretextual grounds that she had engaged in rioting or trespass, without basis in fact." (Compl. ¶¶ 29, 31.) This claim also cannot be resolved at the pleading stage because Plaintiff has sufficiently alleged that her termination was politically motivated.

//
//
//
//
//
//
//
//
//
//

## V. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** as to Plaintiff's Bane Act claim and **DENIED** as to Plaintiff's claims for wrongful discharge in violation of public policy and breach of the covenant of good faith and fair dealing. Defendant shall file an answer to the Complaint by May 20, 2021.

DATED: May 5, 2021

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE